
```
 1
 2
 3
 4
 5
 6
 7
 8                       UNITED STATES DISTRICT COURT
 9                      CENTRAL DISTRICT OF CALIFORNIA
10
11   MICHELLE WARD,                    )   NO. ED CV 11-1905-E
                                       )
12                  Plaintiff,         )
                                       )
13        v.                           )   **MEMORANDUM OPINION**
                                       )
14   MICHAEL J. ASTRUE, COMMISSIONER   )
     OF SOCIAL SECURITY,               )
15                                     )
                    Defendant.         )
16   _____)
17
18                             **PROCEEDINGS**
19
20        Plaintiff filed a Complaint on December 2, 2011, seeking review
21   of the Commissioner's denial of benefits.  The parties filed a consent
22   to proceed before a United States Magistrate Judge on January 3, 2012.
23
24        Plaintiff filed a motion for summary judgment on May 9, 2012.
25   Defendant filed a cross-motion for summary judgment on June 8, 2012.
26   The Court has taken both motions under submission without oral
27   argument.  See L.R. 7-15; "Order," filed December 5, 2011.
28   ///
```

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff alleged that psychiatric problems have disabled her since May 2, 2006 (Administrative Record ("A.R.") 43-58, 126-36). An administrative law judge ("ALJ") examined the record and heard testimony from Plaintiff (A.R. 27-275).

The ALJ found Plaintiff has a severe "delusional disorder," but retains the residual functional capacity "to perform a full range of work at all exertional levels but with the following nonexertional limitations: unskilled entry-level work in a low-stress nonpublic setting" (A.R. 29-30). The ALJ found not credible Plaintiff's testimony regarding the severity of her psychological problems (A.R. 31-32). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

///

1    This Court "may not affirm [the Administration's] decision simply
2 by isolating a specific quantum of supporting evidence, but must also
3 consider evidence that detracts from [the Administration's]
4 conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)
5 (citation and quotations omitted); see Lingenfelter v. Astrue, 504
6 F.3d 1028 (9th Cir. 2007) (same). However, the Court cannot disturb
7 findings supported by substantial evidence, even though there may
8 exist other evidence supporting Plaintiff's claim. See Torske v.
9 Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.
10 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary contentions are unavailing.[2]

///
///
///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

[2] The Court has considered all of Plaintiff's arguments and has found those arguments unpersuasive. The Court discusses Plaintiff's principal arguments herein.

I.  **The ALJ Did Not Materially Err in Evaluating Plaintiff's Credibility.**

Plaintiff argues that the ALJ improperly discounted Plaintiff's credibility. An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[3] Contrary to Plaintiff's arguments, the ALJ stated sufficient reasons for deeming Plaintiff's testimony less than fully credible.

///

---

[3] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011); Brown v. Astrue, 405 Fed. App'x 230 (9th Cir. 2010); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Carmickle v. Commissioner, 533 F.3d at 1160; Lingenfelter v. Astrue, 504 F.3d at 1036; Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). Plaintiff invokes the "clear and convincing" standard, but Defendant argues that there is evidence of malingering, citing Dr. McDaniel's concern that the results of Plaintiff's psychodiagnostic testing "may be invalid due to an attempt to fake bad or due to psychotic thinking" (A.R. 216). For the reasons discussed infra, the ALJ's findings suffice under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

The ALJ properly discerned dramatic inconsistencies between Plaintiff's testimony regarding her supposed inability to function and reports regarding how Plaintiff actually has functioned (A.R. 30-31). At the June 21, 2010 hearing before the ALJ, Plaintiff testified she had been essentially "functionless" for <u>at least three years</u>: never going grocery shopping; never working around the house; and "not really" doing any cooking or housekeeping (A.R. 51, 55-56). Plaintiff claimed she supposedly cannot work with people (because she is afraid of people), and cannot work apart from people (because "I can't be alone. . . . My husband or my kids are usually always with me") (A.R. 50). By contrast, Plaintiff's husband reported in September of 2008 that Plaintiff ran errands, made dinner, did dishes and vacuumed (A.R. 157, 159). He also reported that Plaintiff shopped for groceries and did not need anyone to accompany her when she went on errands (A.R. 160-61). Despite telling the ALJ "I can't be alone," Plaintiff reported to a consultative examiner in November of 2008 that "[s]he drives herself" and that "I am alone most of the time" (A.R. 230). Inconsistencies between a claimant's claimed symptoms and her actual activities can support the rejection of a claimant's credibility. <u>See Thomas v. Barnhart</u>, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported the rejection of the claimant's credibility); <u>see also Verduzco v. Apfel</u>, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony).

At a minimum, the ALJ properly concluded that Plaintiff was exaggerating her symptoms. Such exaggeration supports the ALJ's

finding that Plaintiff was not credible. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (claimant's tendency to exaggerate is an adequate reason for rejecting claimant's testimony); Bickell v. Astrue, 343 Fed. App'x 275, 277-78 (9th Cir. 2009) (same).

The ALJ also cited the lack of objective medical evidence, including a relative lack of treatment, as a reason to discount the credibility of Plaintiff's testimony. Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); see Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (failure to seek medical treatment can justify an adverse credibility determination); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989) (same).[4]

Thus, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th

---

[4] The Ninth Circuit sometimes has criticized the Administration's reliance on a claimant's failure to seek treatment for a mental disorder. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996). In the present case, the ALJ relied on other factors as well, such as a relative lack of treatment even after Plaintiff sought treatment and, as previously discussed, dramatic inconsistencies between Plaintiff's testimony and Plaintiff's reported activities. Accordingly, this Court discerns no material error in the ALJ's credibility analysis. Cf. Ludwig v. Astrue, 2012 WL 1959245, at *6 (9th Cir. June 1, 2012) (ALJ's consideration of erroneous factor deemed harmless where claimant's testimony was dramatically inconsistent with claimant's previous statements).

Cir. 2004). The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).

**II.  The ALJ Did Not Materially Err in Evaluating the Medical Evidence.**

Substantial medical evidence supports the conclusion Plaintiff can work. Dr. Bagner, an examining psychiatrist, opined in November 2, 2008, that Plaintiff retains a residual functional capacity consistent with that which the ALJ found to exist (A.R. 229-32). This opinion constitutes substantial evidence supporting the ALJ's decision.[5] See Tonapetyan v. Halter, 242 F.3d at 1149 (consulting examiner's opinion is substantial evidence that can support an ALJ's finding of nondisability); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (examining physician's independent clinical findings are substantial evidence).

Non-examining psychiatrists Dr. Amado and Dr. Gregg opined in November of 2008 and April of 2009, respectively, that Plaintiff's alleged psychiatric problems are not disabling (A.R. 233-51, 258-59). These opinions provide additional support for the ALJ's decision. See

---

[5] Dr. Bagner's opinion predated the ALJ's decision by almost two years, but post-dated Plaintiff's claimed disability onset by more than two years.

Tonapetyan v. Halter, 242 F.3d at 1149 (non-examining physician's opinion may constitute substantial evidence when opinion is consistent with independent evidence of record); Lester v. Chater, 81 F.3d at 831 (same).

Plaintiff argues that the ALJ erred in discounting evidence from Plaintiff's treating physicians. An ALJ may not reject a contradicted opinion by a claimant's treating physician without setting forth "specific, legitimate reasons" for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); Orn v. Astrue, 495 F.3d at 631-33. In the present case, however, none of Plaintiff's treating physicians appear to have offered any specific opinion regarding Plaintiff's capacity to perform work. Hence, there does not appear to have been any need for the ALJ to set forth "specific, legitimate" reasons with respect to evidence from Plaintiff's treating physicians. Cf. Hollon ex rel. Hollon v. Commissioner, 447 F.3d 477, 491 (6th Cir. 2006) (court rejected claimant's suggestion that the ALJ failed to give proper deference to the opinions of claimant's treating physicians where the claimant failed to specify the particular opinion(s) that the ALJ purportedly disregarded or discounted).

In any event, to the extent one might interpret evidence from Plaintiff's treating physicians as implying an inability to work, the ALJ stated specific, legitimate reasons for reaching a contrary conclusion. For example, the ALJ noted a relative lack of regular treatment and an absence of supporting treatment records (A.R. 32). Such reasons can suffice to reject treating physicians' opinions. See Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992) ("The ALJ

need not accept an opinion of a physician – even a treating physician – if it is conclusionary and brief and is unsupported by clinical findings"); Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989) (ALJ can meet requirement to set forth "specific, legitimate reasons" by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings") (citations and quotations omitted); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings"); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]").[6]

It might be argued that the ALJ should have recontacted Plaintiff's treating physicians to seek additional documentation or greater clarity concerning these physicians' opinions. Remand for this purpose would be inappropriate, however, because Plaintiff has failed to carry her burden of showing a "substantial likelihood of prejudice" resulting from the ALJ's failure to re-contact the treating physicians. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir.

---

[6] Reliance on Plaintiff's subjective complaints could not justify an implied finding of disability, given the ALJ's proper discounting of those subjective complaints. See Tonapetyan v. Halter, 242 F.3d at 1149; Fair v. Bowen, 885 F.2d at 605.

1  2011) (claimant bears the burden of showing a substantial likelihood
2  of prejudice from the Administration's errors). The circumstances of
3  this case show no "substantial likelihood of prejudice." See id.

5  To the extent the record contains conflicting evidence, it was
6  the prerogative of the ALJ to resolve the conflicts. See <u>Lewis v.</u>
7  <u>Apfel</u>, 236 F.3d 503, 509 (9th Cir. 2001). Where, as here, the
8  evidence "is susceptible to more than one rational interpretation,"
9  the Court must uphold the administrative decision. See <u>Andrews v.</u>
10 <u>Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995); <u>accord</u> <u>Thomas v.</u>
11 <u>Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002); <u>Sandgathe v. Chater</u>, 108
12 F.3d 978, 980 (9th Cir. 1997).

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 13, 2012.

　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　CHARLES F. EICK
　　　　　　　　　UNITED STATES MAGISTRATE JUDGE